COLBY v. CARD.

(Circuit Court, N. D. Illinois. April 30, 1894.)

1. PATENTS—INFRINGEMENT—TOY BANKS.
   In the case of a toy bank having a discharging aperture secured by a spring latch, which is opened from within by the weight of accumulated coin, infringement is not avoided by merely strengthening the spring so that when the last coin is inserted some additional pressure thereon is required to open the bank.

2. SAME.
   The Colby patent, No. 373,223, for an improvement in toy banks, *held* valid and infringed.

This was a suit in equity by Edward J. Colby against George C. Card for infringement of a patent for toy banks.

Barton & Brown, for complainant.
Henry M. Brigham and Cyrus J. Wood, for defendant.

GROSSCUP, District Judge. The complainant claims under letters patent No. 373,223, issued November 15, 1887, to Edward J. Colby, for an alleged improvement in toy banks. The first and principal claim of the patent is as follows:

A toy bank consisting of a hollow toy provided with a coin-receiving and coin-discharging aperture, a movable cover for the discharging aperture, and a spring latch to secure the same from within; said spring latch being normally closed, but constructed to be opened by the weight of the coin within.

The essential feature of the plaintiff's patent is the combination, with a hollow toy having a coin receiving and discharging aperture, of a spring latch which secures the opening aperture from within until the specific weight of coin operating thereon opens the latch. The defendant's device is a plain tube, with like opening and discharging apertures and a spring latch so arranged with reference to the capacity of the tube that the last of a given number of coins is forced through the open aperture, and thus communicates the pressure to the latch, which causes it to open. The pressure operating upon the latch in the case of the complainant's device, and necessary to overcome the resistance of the spring, is the weight of the coin. The pressure in the defendant's device is the weight of the coin, with such added force as is communicated to the column of the coin by the forced introduction of the last piece. In one the operating force is weight, pure and simple; in the other, the operating force is weight added to by the pressure which is communicated by a wedge through a solid column. The principal question is whether these are mechanical equivalents. In my opinion they are. The defendant adopted complainant's idea of a spring, and has simply so strengthened it that a little pressure, added to the weight of the coin, is needed to overcome its resistance. This is no reasonable advancement upon or differentiation from the complainant's idea.

The complainant's patent is not, in my opinion, anticipated either by the Bossert or by the Gabbey patents. It is not seriously

claimed that the first is an anticipation of the complainant's particular combination. In regard to the Gabbey patent, it seems to me that while the weight of the contained grain causes the opening and shutting of the valves, and thereby the registration of the amounts, somewhat analogous to the Colby invention, yet the machines, as machines, are different. With the patent before the inventor, he would have to exercise almost as much invention to adapt it to the peculiar requirements of a money bank as would an inventor in producing it without the presence of the Gabbey patent. For the foregoing reasons the findings will be for the complainant, against the defendant, George C. Card, and an injunction will issue accordingly.