## LITTLE GEM MFG. CO. v. STRAUSS et al.

(Circuit Court, S. D. New York. July 18, 1903.)

I. PATENTS—INFRINGEMENT—POCKET SAFE FOR COINS.

　The Brown patent, No. 450,216, for a pocket safe for coins, construed, and, as limited by the prior art, *held* not infringed.

In Equity. Suit for infringement of letters patent No. 450,216 for a pocket safe for coins, granted to Fred. H. Brown April 14, 1891. On final hearing.

Andrew Fowlds, Jr., for complainant.
S. L. Moody, for defendants.

PLATT, District Judge. This suit is brought for infringement of letters patent No. 450,216, dated April 14, 1891, issued to Theodore M. Moe, assignee before issue of the inventor, Fred. H. Brown. Claims 1, 2, and 3 of the patent in suit are at issue. The defenses set up are: (1) Want of title in plaintiff; (2) license to defendants; (3) license to manufacturer of the banks sold by defendants; (4) laches, acquiescence, implied license, and equitable estoppel; (5) invalidity; (6) noninfringement.

A careful reading of the record in this case leaves the candid mind quite indisposed to follow the plaintiff into the shadowy country whither one is compelled to travel if the narrow and technical views are adopted which its position renders necessary. The paper title may exist, but the method of reaching it is not too satisfactory. The license to the manufacturers may be technically unsound, but in the forum of equity and conscience it has much merit. Laches, acquiescence, implied license, and equitable estoppel might be invoked to the discomfiture of the plaintiff, if no other plainly trodden path appeared, but a situation remains which easily settles the contention. In the light of the prior art the patent in suit either exhibits no invention at all, or if, after narrowing its construction, a shade of invention still remains, the defendant's device palpably fails to infringe. Let me, in all brevity, set down a fraction of my reason for reaching such a conclusion. Claims 1 and 2 of the patent in suit are:

"(1) A pocket savings bank for coins, comprising a tube, b, having a slot, o, for the insertion of the coins, a removable bottom, a, at one end of the tube, and a thumb-screw, m, at the other, adapted to be brought to bear upon a column of coins within the tube, and thereby remove said bottom to open the bank, substantially as described.

"(2) A pocket safe for coins, comprising a tube, b, having a slot, o, for the insertion of the coins, a removable spring-held bottom, a, at one end of the tube, and means at the other end adapted to be brought to bear upon a column of coins within the tube, and thereby remove said bottom to open the bank, substantially as described."

These are made quite specific by the letters of reference and drawings, and need to have been so, as will soon appear, after examining the prior art. The plaintiff is reduced to a single chance, viz., to stand upon its third claim, broadly and generically construed:

"(3) A pocket safe for coins, consisting of a slotted tube, a detachable spring bottom, and a thumb-screw, which, by impinging against the column

of money within, forces out the detachable spring bottom of the tube, thereby opening the bank, as described."

To obtain a fair idea of the art as it existed when the inventor applied himself to the discovery of the new and useful invention for which he claims a monopoly, it is unnecessary to dive deeper than the following patents: The Colby patent, No. 373,223, November 15, '87; the Brigham patent, No. 449,280, March 31, '91; the Goldsmith patent, No. 435,220, August 26, '90; the Hart patent, No. 449,852, April 7, '91. The Colby and Brigham patents were in litigation, and can be followed in Colby v. Card (C. C.) 63 Fed. 462, and in Card v. Colby, 64 Fed. 594, 12 C. C. A. 319. The former is for a bank made in the form of a locomotive or other toy. The latter is for a coin holder alone. Colby's invention consisted essentially of a slotted tube for the insertion of coins, with a detachable spring bottom, which is forced out by the weight of a predetermined number of coins overcoming the spring tension of the bottom. These functions he combined with a toy, and for that reason his invention was held by the Circuit Court of Appeals to have been limited by himself. Judge Grosscup on the circuit, however, found that the Brigham device infringed. His reasoning was simple and plain: The plaintiff's construction was such as I have indicated. The defendant's device was the same, except that to the weight of a predetermined number of coins was added the pressure caused by introducing the last piece. In the one case the operating force was weight, pure and simple; in the other it was weight plus the pressure furnished by a wedge on a solid column. Herein was no reasonable advancement upon or change from the plaintiff's idea. The patent in suit merely substitutes a screw pressure for the wedge pressure, and the wedge and screw are well-known equivalents. The Circuit Court of Appeals sustained the reasoning of the Circuit Court, reversing the decision solely on the ground adverted to. If Brown has not advanced on Brigham, and Brigham had not advanced on Colby, it is mathematically clear that Brown did not advance on Colby. Furthermore, the Brigham patent was used in divers ways to drive the Scoville Company, and perhaps others, into consenting to a decree sustaining the patent which was supposed to be infringed by the manufacture of the Little Gem banks. In a general settlement the plaintiff company was organized, and everybody then connected therewith understood the situation and acquiesced therein. To put it mildly, it is at least indecorous for those now interested to ask for a divorce of the Little Gem bank from the Brigham patent and from its associate and companion in arms, the Brown patent.

It is unnecessary to analyze the Goldsmith and Hart patents.

The four patents suggested show essentially the same means, combined in the same way for the same purpose, and operating in substantially the same manner, as the means employed in the patent in suit. When the patent in suit is narrowed, as it must be, to the specific construction shown therein, it requires no extended discussion to demonstrate that the defendant's construction does not infringe. The inclined slot of the patent in suit is absent. In place thereof is a straight slot and a spring lip, extending partly across the slot, which is displaced when the coin is inserted, and after the insertion immedi-

ately returns to act as a guard against the removal of coins through the slot. In this regard the defendants' construction is very much better than that of the patent in suit. The defendants' construction has a removable bottom, with inwardly projecting spring prongs, provided at their fore ends with outwardly extending heads, which can snap into an annular groove in the tube. A glance at the specifications and drawings of the patent in suit shows the marked distinction in this respect. As a compact, easily constructed, and cheaply manufactured article, the defendants' bank is far superior to that of the patent in suit. Some of its superiority comes from its closer approach to the prior art. To obtain a commercial success, it was certainly necessary to avoid those features of the patent in suit which differentiate that improvement. from the prior art. I dispose of the case simply on the ground that there is no infringement.

Let the bill be dismissed, with costs.